UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Shivsaywack P. Singh,

Plaintiff,

v.

Minneapolis Police,

Defendant.

Civil File No. 01-827 (PAM/JGL)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Defendant's Motion to Dismiss. For the reasons that follow, the Court grants the Motion.

**BACKGROUND**

Pro se Plaintiff Shivsaywack Singh alleges that on or about March 8, 2001, he was arrested at his home by Defendant Minneapolis Police on fabricated charges that he had threatened to kill his sister and her children. Plaintiff contends that upon his arrest, the police officers gave the keys to his home and automobile to his sister despite his protest to the contrary. Plaintiff further contends that after his release from jail the following day, police officers initially refused to give him the keys to his home. After finally getting the keys and returning to his home, he alleges that he found his home damaged and in a state of disarray.

Plaintiff filed the above-entitled lawsuit on May 15, 2001, claiming that in giving the

FILED AUG 10 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

keys to his sister and ultimately refusing to return the keys to him, Defendant violated the Fourth Amendment. Plaintiff does not challenge the lawfulness of his arrest. Although not labeled as such, the Court will construe Plaintiff's claim as one under 42 U.S.C. § 1983. Defendant now moves for dismissal of Plaintiff's Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

## DISCUSSION

### A. Standard

For the purposes of Defendant's Motion to Dismiss, the Court takes all facts alleged in Plaintiff's Complaint as true. Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). Further, the Court must construe the allegations in the Complaint and reasonable inferences arising from that Complaint favorably to Plaintiff. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). A motion to dismiss will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Id.; see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

### B. Merits

It is well-settled that a municipal entity may not be liable under 42 U.S.C. § 1983 for the actions of its employees, unless that entity engaged in a policy, pattern, or practice of depriving the plaintiff of constitutional rights. See Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978). In his Complaint, Plaintiff does not allege that the objectionable conduct in this case resulted from a municipal policy, pattern, or practice for which the police

department or the City of Minneapolis could be liable under Monell. Absent such an allegation, Plaintiff's claim must fail.

Because Plaintiff is pro se, the Court will permit him to replead his claim. Plaintiff's Complaint is therefore dismissed without prejudice, and he may file an amended complaint within thirty days of the date of this Order. If the Complaint is not amended within that time, Plaintiff's Complaint will be dismissed with prejudice for failure to state a claim.

Defendant also argues that Plaintiff's claim should be dismissed because as an organizational subdivision of the City of Minneapolis, it cannot be sued independently. Assuming this to be true, the proper Defendant in this case is the City of Minneapolis. If Plaintiff chooses to replead his Complaint, he should ensure that he names the proper Defendant(s).

## CONCLUSION

For the foregoing reasons, and upon all of the files, records, and proceedings herein, the Court grants Defendant's Motion to Dismiss.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss (Clerk Doc. No. 3) is **GRANTED**;
2. Plaintiff's Complaint (Clerk Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE**; and

3. Plaintiff has thirty days from the date of entry of this Order to amend his Complaint in accordance with the terms of this Order.

Dated: August 10, 2001

Paul A. Magnuson
United States District Court Judge

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500